UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL DARREN SMITH | ) | Case No. 19-31599-thf |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| JAMES D. BALLINGER | ) | Adv. No. 19-03033-thf |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| PAUL DARREN SMITH | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

\* \* \* \* \*

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion for Summary Judgment of Plaintiff-Creditor, James D. Ballinger ("Ballinger" or "Plaintiff"), proceeding *pro se* against Defendant-Debtor, Paul Darren Smith ("Smith" or "Debtor"), to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(A), which denies discharge of any debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Specifically, Ballinger seeks an Order from the Court finding that his 2008 Oldham County state court judgment, awarding him $41,089.84 at 12% interest *per annum* from the date of judgment (May 7, 2008) until paid based on various claims related to Smith's alleged misconduct surrounding a swimming pool construction contract, is non-

1

dischargeable. Ballinger argues that, because a default judgment was entered against Smith "for all purposes" and on all claims due to Smith's repeated failures to appear or respond to counsel and court orders, Ballinger's fraud claim has already been resolved in the Oldham County state court action, and collateral estoppel bars any relitigation of the underlying fraud claim for purposes of § 523(a)(2)(A).

The Court has jurisdiction over this adversary proceeding pursuant to Section 523 of the Bankruptcy Code and 28 U.S.C. § 1334. This case is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J). For reasons set forth below, the Court finds that Ballinger's 2008 state court judgment against Smith is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

## FACTUAL AND PROCEDURAL BACKGROUND

This dispute began in July of 2006, when James Ballinger and Paul Smith entered into a swimming pool installation contract, under which Smith was to build an in-ground pool on Ballinger's property at a cost of $43,700. According to his state court complaint, Ballinger paid Smith a $3,870 deposit, two installment payments of $13,932, and an additional $5,000, for a total of $36,734, but Smith never completed construction of the pool due to a series of breaches and failures to perform. Ballinger eventually fired Smith and hired another company to complete the pool before suing Smith in state court.

On February 23, 2007, Ballinger filed a state court complaint against Smith in Oldham Circuit Court, civil action no. 07-CI-00123. The state complaint asserted numerous claims against Smith based on his alleged misconduct surrounding his management of the pool's construction, including: breach of contract (Count I), unjust enrichment (Count II), violation of

2

the Kentucky Consumer Protection Act (Count III), conversion (Count IV), negligence (Count V), and fraud and misrepresentation (Count VI).

Regarding the "fraud and misrepresentation" count, paragraphs 39-40 of Ballinger's complaint specifically pled the following:

> 39. The representations made by Smith mentioned in paragraphs 36, 37, and 38[1] above were false, were made with the knowledge of their falsity or recklessly made without knowledge of their truth, with the intention to induce Ballinger to enter the Contract and/or Work Order and Payment Agreement and to pay Smith money and Ballinger detrimentally relied on these false representations in entering the Contract and/or Work Order and Payment Agreement to his injury and sustained damages in an amount in excess of this Court's jurisdictional minimum.
>
> 40. Smith's actions described herein were malicious, oppressive, intentional, and willfull (sic) with a conscious and reckless disregard for the legitimate rights and interests of Ballinger, entitling Ballinger to an award of punitive and exemplary damages against Smith."

Plaintiff additionally pleaded that "Smith engaged in unfair, false, misleading or deceptive acts or practices" in violation of the Kentucky Consumer Protection Act (Count III). [R. 8-1 at 8]. After being personally served with a copy of the complaint, Smith retained counsel and filed his answer on April 12, 2007. Smith participated in the litigation through his attorney, was involved in written discovery, and was deposed on October 4, 2007, with counsel present.

On May 9, 2007, Ballinger filed a motion for trial date, and the following day, filed a motion to compel Smith's overdue discovery responses which were a month late. The Oldham Circuit Court Judge granted Ballinger's motion to compel and gave Smith an additional twenty days to provide "full, complete and adequate responses" to Plaintiff's discovery requests. Rather than schedule a trial date, the court issued an order on May 30, 2007, requiring the parties to attempt to mediate, but mediation proved unsuccessful, and Plaintiff filed a second motion for

---

[1] Paragraphs 36–38 of Ballinger's state court complaint are related to Smith's representations that he would complete construction of the pool in 4-5 weeks, free of defects, in exchange for money upfront, but he ultimately never completed construction despite receiving the requested funds in advance.

trial date on August 16, 2007.  Ballinger's second motion for trial date was granted, and the court scheduled jury trial for February 25, 2008.

Discovery problems persisted, and on October 10, 2007, Ballinger filed a second motion to compel Smith's discovery responses and a motion to continue trial date.  The Oldham Circuit Court granted the second motion to compel and gave Smith another thirty days to provide responses, adding: "Failure to comply with this Order shall result in the imposition of the appropriate sanctions."  The Court also granted Plaintiff's motion to continue trial, rescheduling trial for June 9, 2008.

On November 21, 2007, however, Smith's attorney filed a motion to withdraw as counsel, explaining, "Mr. Smith has been uncooperative with his attorney to such an extent that [his] attorney cannot continue to adequately represent Mr. Smith in this action."  Smith was served with a copy of the motion to withdraw.  On December 19, 2007, the court granted the motion to withdraw and instructed that Smith was "allowed 30 days to retain counsel, or will be considered Pro Se."

On March 4, 2008, nearly five months after the Oldham Circuit Court's October 2007 order requiring Smith to produce discovery (in response to Ballinger's *second* motion to compel Smith's overdue responses), Ballinger filed a motion for sanctions, default judgment and attorney's fees due to Smith's ongoing failures to comply, and Smith was served with a copy of that motion.  The Oldham Circuit Court issued an Order regarding the motion for sanction and default judgment, and on March 24, 2008, after Smith failed to appear or otherwise respond, the court granted default judgment against Smith and scheduled a separate hearing on damages.

On May 7, 2008, the damages hearing was held on the record before the Oldham Circuit Court, and Smith again failed to appear.  At the damages hearing, the court stated to Ballinger in

relevant part, "[Smith] is in default so the default is **for all purposes** so I think all need to do is prove what the out-of-pocket attorney's fees are." (emphasis added). Ballinger put on proof to establish his damages, and the evidence was filed into the record and accepted as sufficient for awarding the requested amount of damages.

Following the entry of default judgment against Smith "for all purposes," and the subsequent damages hearing at which Smith failed to appear, the Oldham Circuit Court issued a Judgment on May 9, 2008 which awarded a total of $41,089.84 at 12% interest *per annum* from the date of judgment, May 7, 2008, until paid. Smith did not appeal or contest the Judgment.

On May 21, 2019, eleven years later, Debtor Smith filed the underlying Chapter 7 bankruptcy petition and listed Plaintiff Ballinger as his largest creditor. Plaintiff filed a proof of claim in Smith's bankruptcy on July 18, 2019, and filed this Adversary Proceeding on August 21, 2019, seeking to have the Oldham Circuit Court Judgment against Smith in the amount of $41,089.84 at 12% interest *per annum* declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

Plaintiff specifically pleads in his adversary complaint that he "obtained a final Judgment against Smith for claims which included money, property or services obtained by false pretenses, a false representation, or actual fraud." [R. 1 at 8]. On November 22, 2019, Plaintiff filed a Motion for Summary Judgment arguing that, as a result of the state court default judgment, Ballinger has established "false pretenses, false representations, and/or actual fraud" under § 523(a)(2)(A) by virtue of the state court default judgment, which was entered "for all purposes" and thus encompassed the fraud and misrepresentation count, of which collateral estoppel prevents relitigation. In response, Debtor argues that the Oldham Circuit Court case was really a breach of contract case rather than a fraud case, arguing that where the "judgment is

5

silent as to what counts damages were awarded, there is no finding of fraud." [R. 11 at 4]. Debtor Smith contends that, because the state court case was primarily a breach of contract case, Ballinger has not yet proven fraud for purposes of non-dischargeability under Section 523(a)(2)(A).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the Court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997).

In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996). Absent such evidence from the nonmoving party, the Court need not comb the entire record to determine if any of the available evidence could be construed in such a light. *See In re Morris*, 260 F.3d 654, 665 (6th

Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact").

## DISCUSSION

Ballinger seeks to have the debt owed to him by Smith deemed non-dischargeable in Smith's underlying Chapter 7 bankruptcy, contending that Smith's misconduct constitutes fraud under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) provides as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (2) for money, property services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

To succeed on any claim made under § 523(a), a plaintiff must prove by a preponderance of the evidence each element to support a determination that a debt is non-dischargeable. *Merritt v. Layne (In re Layne)*, 517 B.R. 778, 781 (Bankr. E.D. Ky. 2014). All exceptions to discharge are strictly construed against the creditor. *Manufacturer's Hanover Trust v. Ward* (*In re Ward*), 857 F.2d 1082, 1083 (6th Cir. 1988).

To except a debt from discharge under § 523(a)(2)(A), the creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representations; and (4) the creditor's reliance was the proximate cause of the loss. *In re Layne*, 517 B.R. at 780; *Rembert v. AT & T Univ's Card Svcs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998); *In re Phillips*, 804 F.2d 930, 932 (6th Cir. 1986). Whether a debtor had the requisite fraudulent intent to warrant an exception to discharge under § 523(a)(2)(A) is a subjective inquiry, and such

7

fraudulent intent may be established by direct or circumstantial evidence. *Bohannon v. Horton* (*In re Horton*), 372 B.R. 349, 351 (Bankr. W.D. Ky. 2007).

\* \* \* \* \*

As explained above in the Factual and Procedural History section, in May of 2008 Ballinger received an Oldham County Circuit Court default judgment against Smith, "for all purposes" according to the damages hearing transcript, due to Smith's repeated failures to participate throughout the remainder of the litigation, appear at scheduled hearings, or communicate with his attorney who was eventually forced to withdraw his representation. Ballinger argues that, under the collateral estoppel doctrine, the state default judgment should be given preclusive effect in this bankruptcy proceeding, so as to establish that Smith's conduct constituted non-dischargeable fraud, or "false pretenses, a false representation, or actual fraud" within the meaning of § 523(a)(2)(A). Based on the evidence and arguments presented, including but not limited to the detailed state court record, the Court agrees that collateral estoppel precludes relitigation of the "fraud and misrepresentation" claim against the Debtor, and finds that Plaintiff has adequately established all elements of his § 523(a)(2)(A) claim for non-dischargeability purposes.

As a preliminary matter, although Ballinger relies on a state court *default* judgment to establish much of his fraud claim for non-dischargeability purposes in this court, it remains well-established that Kentucky gives preclusive effect to default judgments. *See Davis v. Tuggle's Admr.*, 297 Ky. 376 (1944); *In re Morris*, 229 B.R. 683, 685 (Bankr. E.D. Ky. 1999). In *Bay Area Factors v. Calvert*, the Sixth Circuit Court of Appeals made clear that collateral estoppel applies to true default judgments in bankruptcy dischargeability proceedings in those states that would give such judgments that effect. *Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d

8

315, 317 (6th Cir. 1997); *see also Anderson v. Fisher* (*In re Anderson*), 520 B.R. 89, 92 (B.A.P. 6th Cir. 2014). In *Calvert*, the Sixth Circuit Court of Appeals applied California law (which, like Kentucky, also gives preclusive effect to default judgments) and held that "a party who permits a default to be entered confesses the truth of all the material allegations in the complaint. A default judgment is as conclusive upon the issues tended by the complaint as if rendered after an answer is filed and a trial is held on the allegations." *Calvert* at 318. As the Sixth Circuit noted, nothing in the Bankruptcy Code suggests that Congress "intended to exclude default judgments obtained in state court from the applicability of the Full Faith and Credit Statute in dischargeability proceedings in bankruptcy court." *Calvert* at 320–321.

The doctrine of collateral estoppel, clearly applicable in § 523(a) dischargeability proceedings and to state court default judgments, requires federal courts to give full faith and credit to state court judgments to the same extent another court in that state would. *In re Calvert*, 105 F.3d at 317; *Rally Hills Prods., Inc. v. Bursack* (*In re Bursack*), 65 F.3d 51, 53 (6th Cir. 1995). The federal court must look to the issue of preclusion law of the state in which the original judgment was rendered for the proper standard to apply. *In re Bursack*, 65 F.3d at 53. When applying collateral estoppel principles to a non-dischargeability proceeding, a bankruptcy court is directed to apply the law of the forum where the original proceeding took place or where the underlying judgment was rendered. *Wolstein v. Docteroff* (*In re Docteroff*), 133 F.3d 210, 214 (3rd Cir. 1997).

Turning to Kentucky law, then, collateral estoppel bars relitigation of an issue if: (1) the issue was already litigated in a former action; (2) between the same parties; (3) a final judgment was rendered; and (4) the losing litigant in the former action is a party to the current one. *Moore v. Commonwealth*, 954 S.W.2d 317, 319 (Ky. 1997); *see also City of Louisville v. Louisville*

9

*Prof'l Firefighters Ass'n*, 813 S.W.2d 804, 806-07 (Ky. 1991). Ballinger argues he meets all elements above required to collaterally estop Smith's ability to discharge the debt owed to him or otherwise relitigate the fraud claim: (1) the fraud issue was already litigated in the state court action; (2) the fraud issue was litigated between Plaintiff Ballinger and Defendant Smith, the same parties to this action; (3) a final judgment was rendered over eleven years ago, which included the fraud claim; and, (4) Smith, the losing litigant in the state court action, is a party to the current action.

The Court agrees that collateral estoppel bars relitigation of the "fraud and misrepresentation" claim for purposes of non-dischargeability under § 523(a)(2)(A). Three of Kentucky's four collateral estoppel elements are clearly satisfied: Ballinger and Smith were the same two parties involved in the state court litigation, a final and appealable judgment was entered by the Oldham County Circuit Court against Smith, who is now the debtor-defendant in the underlying adversary proceeding. There remains only one element needed to bar Smith's relitigation of the fraud claim under collateral estoppel: whether the "fraud and misrepresentation" claim was "actually litigated" at the state court level. Because Kentucky gives default judgments preclusive effect, and the *Calvert* court explained how a default judgment constitutes a final judgment on issues that were "actually litigated," Ballinger's default judgment against Smith satisfies the second and final element to estop further litigation of the fraud claim.

Importantly, this Court notes that this default judgment was not an instance of the Smith's never actually participating in the lower court litigation. On the contrary, the record establishes that Smith was quite active and involved in the litigation; as Ballinger's motion explains, Smith "hired an attorney; filed an answer; a mediation was held which was

unsuccessful; the debtor's attorney withdrew; a trial date was set; the debtor failed to appear at appear at pretrial conference; a default judgment was entered against the debtor based upon sanctions; a damages hearing was thereafter conducted and damages were awarded to the plaintiff; the debtor thereafter filed bankruptcy; the creditor filed an adversary proceeding against the debtor; and, the creditor filed a motion for summary judgment seeking to have its judgment declared as non-dischargeable as a matter of law in part under 11 U.S.C. § 523(a)(2)(A)." [R. 12 at 6]. While some states are reluctant to give default judgments preclusive effect on grounds that these defendants potentially lacked the opportunity to defend themselves and "actually litigate" the claims against them, the Court underscores the fact that this is *not* such a case. Here, Smith had every opportunity to defend himself against all claims. He retained counsel, gave a deposition, was involved in discovery, and participated in the case for months before he effectively went silent and withdrew his involvement entirely.

The underlying facts are similar to *CMCO Mortg., LLC v. Hill* (*In re Hill*), 540 B.R. 331, 332 (Bankr. W.D. Ky. 2015), a case which both parties cite and which the Court finds particularly instructive. In *Hill*, a Chapter 7 debtor was collaterally estopped from challenging the non-dischargeability of a state court default judgment under § 523(a)(6) where the debtor's actions were adjudged by the state court to have been willful, intentional, in bad faith, egregious, and done with malice, and Kentucky gave preclusive effect to default judgments. The *Hill* court added that, even if Kentucky did not give preclusive effect to default judgments, collateral estoppel would still preclude relitigation of the debtor's willful and malicious conduct because the issues were actually litigated to the extent that debtor retained an attorney, filed an answer, and participated in discovery, and the default judgment was entered only after debtor repeatedly

11

and intentionally refused to comply with a trial order and failed to appear at the final pretrial conference. *Id.*

In explaining how the "actually litigated" element of collateral estoppel was established for purposes of § 523(a), the *Hill* court highlighted the debtor-defendant's underlying involvement in the lower court, prior to the default being entered against him:

> Here, HLS' state-court complaint raised the issues of willful and malicious conduct by Hill. The issues were actually litigated to the extent that Hill retained an attorney, filed an answer, asserted counterclaims, and participated in discovery. In fact, until Hill's attorney withdrew, Hill vigorously litigated the case. His strategic decision to abandon his defense late in the proceeding does not undo his earlier active participation in the litigation. *In re Bursack*, 65 F.3d 51, 54 (6th Cir. 1995). According to the Damages Judgment, the basis for the default judgment was that Hill repeatedly, and intentionally, refused to comply with a trial order and failed to appear at the final pretrial conference. Thus, it appears that Hill deliberately or otherwise intentionally set about to delay or interfere with the trial in the state court litigation. As such, the facts of this case rise to the level of the conduct present in *Docteroff* and the other cases which have applied the collateral estoppel doctrine to a prior default judgment entered as a sanction.

*In re Hill*, 540 B.R. at 338. The parallels between Smith and the debtor in *Hill* are apparent; Smith likewise retained counsel, filed an answer, and was only defaulted after his repeated failures to comply with court orders and appear at hearings. Only after Smith repeatedly and intentionally failed to appear and cooperate with court orders did the Oldham Circuit Court issue a default judgment against him, which was "for all purposes" according to judge's own words as reflected in the hearing transcript. [R. 8-21 at 4].

In his response in opposition to summary judgment, Smith argues that "the matter is a simple breach of contract and does not really sound in tort," [R. 11 at 1], and the default judgment against him should not extend to his underlying fraud non-dischargeability claim on that basis." But Debtor generally fails to identify any evidence which would suggest the scope of the default judgment against him was limited to breach of contract, or some count other than

12

fraud and misrepresentation. On the contrary, this Court finds the Oldham County judge's language unambiguous: "[Smith] is in default so *the default is for all purposes* so I think all [Ballinger] need[s] to do is prove what the out-of-pocket attorney's fees are." [R. 8-21 at 4]. Further, Smith contends that the "Count VI sounds in state law fraud and misrepresentation not NDC fraud as there is no allegation of intent to for (sic) the results to occur," [R. 11 at 2], but this is patently incorrect, where Ballinger's state court complaint specifically pled:

> 39. The representations made by Smith mentioned in paragraphs 36, 37, and 38 above were false, were made with the knowledge of their falsity or recklessly made without knowledge of their truth, with the **intention** to induce Ballinger to enter the Contract and/or Work Order and Payment Agreement and to pay Smith money and Ballinger detrimentally relied on these false representations in entering the Contract and/or Work Order and Payment Agreement to his injury and sustained damages in an amount in excess of this Court's jurisdictional minimum."
>
> 40. Smith's actions described herein were malicious, oppressive, **intentional, and willfull** (sic) with a conscious and reckless disregard for the legitimate rights and interests of Ballinger, entitling Ballinger to an award of punitive and exemplary damages against Smith."

[R. 8 at 11] (emphasis added). The Court cannot allow Debtor to partially participate in the state court litigation, then withdraw involvement altogether, allow a default judgment to be entered against him on all counts, fail to appeal at the damages hearing or otherwise contest the judgment, and then years later attempt to limit the scope of the default to just one of the six counts alleged against him, in hopes of discharging the debt. Debtor had every opportunity to defend himself and contest the fraud claim against him but ultimately chose not to do so.

Relying on the default judgment and collateral estoppel doctrine, the Court is satisfied that Ballinger has met all elements of § 523(a)(2)(A) by a preponderance of the evidence. As stated above, to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A), Plaintiff must prove: (1) the debtor obtained money through a material misrepresentation that debtor knew was

13

false or made with gross recklessness as to its truth; (2) debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representations; and (4) the creditor's reliance was the proximate cause of the loss. *Rembert*, 141 F.3d at 281. First, Ballinger specifically pled in state court that Smith made representations which "were false" and made "with the knowledge of their falsity or recklessly made without knowledge of their truth." Second, Ballinger pleaded that Smith did this "with the intention to induce Ballinger" to enter the contract. Finally, Ballinger further pleads that he "detrimentally relied on these false representations" and that he "sustained damages" as a direct result. Ballinger specifically pleaded each of the § 523(a)(2)(A) elements in his state court complaint, and got a default judgment on all counts and "for all purposes" when the Debtor opted to refrain from further involvement. Ballinger has proved all elements for purposes of non-dischargeability.

## CONCLUSION

Ultimately, the state court record and the parties' briefs altogether paint a relatively clear picture that the debtor Paul Smith was a defendant who, despite repeated opportunities to comport with court orders, comply with discovery requests and appear at scheduled hearings (including the default and damages hearings), voluntarily opted not to participate any further in the state court case against him. Smith's actions eventually resulted in a default judgment against him, for all purposes and on all counts including Ballinger's specifically-pled "fraud and misrepresentation" claim (which mirrors the elements of 523(a)(2)(A)), and Smith did not appeal or contest the $41,089.84 judgment. Smith cannot now seek to avoid paying that debt. The Court finds that the direct and circumstantial evidence establishes "false pretenses, a false representation, or actual fraud" on the Debtor's part, and finds the Oldham County judgment entered against him to be non-dischargeable.

Thomas H. Fulton
United States Bankruptcy Judge

Dated: February 12, 2020

14

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **PAUL DARREN SMITH** | ) | Case No. 19-31599-thf |
| | ) | |
| | ) | Chapter 7 |
| **Debtor** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **JAMES D. BALLINGER** | ) | Adv. No. 19-03033-thf |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| **PAUL DARREN SMITH** | ) | |
| | ) | |
| **Defendant** | ) | |

\* \* \* \* \*

## JUDGMENT

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that judgment is rendered in favor of the Plaintiff, James D. Ballinger, and the debt which is the subject of this adversary proceeding is not excepted from discharge under 11 U.S.C. § 523(a)(2)(A). This is a final and appealable Judgment and there is no just cause for delay.

Thomas H. Fulton
United States Bankruptcy Judge

Dated: February 12, 2020